UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE HATCH,

        Plaintiff,

  v.

NEW CENTURY GOLF CARS LLC,
d/b/a US Golf Cars LLC,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Joe Hatch alleges the following for his complaint against Defendant New Century Golf Cars LLC, d/b/a US Golf Cars LLC.

### NATURE OF THE CASE

1. This is an employment case that arises under the Family and Medical Leave Act (FMLA).

2. Plaintiff Joe Hatch worked for Defendant as a sales representative where he took FMLA leave.

3. As a sales representative, Defendant pays Hatch commission payments on the sales that he procures.

4. However, after Hatch took FMLA, Defendant refused to pay him the commission

payments that it owed to him because he had been out on FMLA leave.

5. Due to Defendant's violation of the FMLA, Hatch has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Joe Hatch is an individual person who resides in Kent County, Michigan.

7. Defendant is a limited liability company organized under the laws of the State of Michigan. The company employed more than 50 employees and was otherwise considered an employer within the meaning of the FMLA at all times relevant to the complaint.

8. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FMLA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FMLA also independently provides for subject matter jurisdiction in this Court. 29 U.S.C. § 2617(a)(2).

10. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

11. Plaintiff Joe Hatch works for Defendant as a sales representative and began his employment in January 2020. Hatch currently remains employed by the company.

12. Defendant sells golf carts, utility vehicles, parts, and service.

13. As a sales representative, Defendant pays Hatch a base salary plus commission payments on the sales of golf carts and utility vehicles that he procures.

14. Defendant has a policy regarding the payment of commissions, but it does not

strictly follow it. Instead, Defendant pays out commissions to employees when customers take delivery of the golf carts and utility vehicles sold to them.

15. Hatch was eligible for leave under the FMLA in 2022 and at all times relevant to the complaint.

16. Hatch requested FMLA leave in February 2022.

17. Defendant approved Hatch's request for FMLA leave, and Hatch began his FMLA leave on February 7, 2022.

18. While out on FMLA leave, several customers took delivery of golf carts and utility vehicles for sales that Hatch procured, which entitled Hatch to commission payments.

19. Hatch requested that Defendant pay the commission payments that it owed him, but Defendant refused.

## COUNT 1

### RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

20. Hatch repeats and incorporates all the previous allegations in his complaint.

21. Hatch was eligible for and entitled to leave under the FMLA.

22. Hatch engaged in activity protected by the FMLA by, among other things, requesting and taking leave protected by the statute.

23. Defendant knew about Hatch's protected activity.

24. Defendant refused to pay Hatch commission payments because of his protected activity.

25. There was a causal connection between Hatch's FMLA protected activity and Defendant's refusal to pay him the commission payments that it owes him.

26. Hatch suffered damages because of Defendant's retaliation that include, but are

not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## JURY DEMAND

27. Hatch demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

28. Plaintiff Joe Hatch requests that the Court enter a judgment in his favor and against Defendant in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

29. Hatch also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

JOE HATCH

Dated: April 14, 2022       By:  /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com